

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

OPINION # M-655 HAS BEEN WITHDRAWN.



# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 26, 1970

Honorable Alex Tandy
County Attorney
Parker County
Weatherford, Texas 76086

Opinion No. M-655

RE: Whether certain proposed
traffic control signs
violate Art. 6701(d),
Sec. 36(a), Vernon's
Civil Statutes.

Dear Mr. Tandy:

You have requested the opinion of this office as to the applicability of Article 6701d, Section 36(a)* to the proposed erection of certain signs depicting a silhouette of a child bouncing a ball and bearing a cautionary legend such as - "SLOW, Children" - or - "Children's Area" - and additionally bearing at the bottom thereof the name of a commercial sponsor. You have further indicated that such signs will otherwise conform to national highway standards and will be placed near public streets and roads pursuant to regulatory authority of either the appropriate city council or commissioners court.

Article 6701d, Section 36 reads as follows:

36 "(a)  No person shall place, maintain, or
display upon or in view of any highway any
unauthorized sign, signal, marking, or device
which purports to be or is an imitation of
or resembles an official traffic-control
device or railroad sign or signal, or which
attempts to direct the movement of traffic,
or which hides from view or interferes with
the effectiveness of any official traffic-
control device or any railroad sign or signal,
and no person shall place or maintain nor
shall any public authority permit upon any
highway any traffic sign or signal bearing
thereon any commercial advertising. This
shall not be deemed to prohibit the erection
upon private property adjacent to highways

---

* All references to Articles are to Vernon's Civil Statutes.

-3137-

of signs giving useful directional informa-
tion and of a type that cannot be mistaken
for official signs.

"(b) Every such prohibited sign, signal,
or marking is hereby declared to be a public
nuisance and the authority having juris-
diction over the highway is hereby
empowered to remove the same or cause
it to be removed without notice."

Article 6674a, in its relevant portion, defines "highway"
as follows:

"The term 'highway' . . . shall include
any public road or thoroughfare or section
thereof . . ."

Article 6701d, Section 18(a) defines official Traffic-
Control Devices as follows:

"All signs, signals, markings, and devices
not inconsistent with this Act placed or
erected by authority of a public body or
official having jurisdiction, for the pur-
pose of regulating, warning, or guiding
traffic." (emphasis added).

Although a search of "Texas Manual on Uniform Traffic
Control Devices for Streets and Highways" Volume 1 (Signs,
Markings, Barricades) published officially by the Texas High-
way Department, Division of Maintenance Operations, Austin,
Texas, does not reveal either of the described signs to be
an authorized traffic control device, the only purpose we
can conceive for the erection and maintenance of the type
sign under consideration is for "regulating, warning, or
guiding traffic " (emphasis added). Hence we hold that same
is a traffic control device as defined in Article 6701d,
Section 18(a), supra.

Since the first portion of Section 36(a), supra, states,
inter alia, "No person shall place, maintain, or display upon
or in view of any highway any unauthorized sign . . . which
attempts to direct the movement of traffic . . .", it is our
opinion that the firm offering the described signs cannot
install said signs except insofar as it may draw authority
from the public body having jurisdiction over such highway.

And since the second portion of Section 36(a), supra, states, inter alia, ". . . nor shall any public authority permit upon any highway any traffic sign . . . bearing thereon any commercial advertising.", it is our opinion that neither a city council nor a commissioners court can authorize same. In this connection your attention is called to Article 6701d, Section 26, which reads:

> "The provisions of this Act shall be appli-
> cable and uniform throughout this state and
> in all political subdivisions and municipal-
> ities therein and no local authority shall
> enact or enforce any ordinance, rule, or
> regulation in conflict with the provisions
> of this Act unless expressly authorized
> herein. . . ."

Our research reveals no authorization for derogation from Article 6701d, Section 36(a) by local authorities.

### S U M M A R Y

Neither traffic control warning signs, nor signs imitating or resembling traffic control signs, and bearing commercial advertising, may be erected upon or in view of public streets, roads or highways.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Monroe Clayton
Ray McGregor
Gordon Cass
Marvin Sentell

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant Attorney General